IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

RECEIVED
2019 JUN -6  P 1:10

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| **ADMIR ALIMOANOVIC and** <br> **DJULIJANA TAHIROBIC,** <br> <br> Plaintiffs, <br> <br> v. <br> <br> **MICHAEL JOE SHOEMAKER,** <br> **an individual, SSB LOGISTICS,** <br> **LLC, a corporation, and OCEAN** <br> **HARBOR CASUALTY** <br> **INSURANCE COMPANY,** <br> **a corporation,** <br> <br> Defendants. | CASE NO.: 1:19-cv-394 <br> <br> DEMAND FOR TRIAL BY JURY |

## COMPLAINT

COME NOW Admir Alimoanovic and Djulijana Tahirobic, Plaintiffs in the above-styled action, by and through undersigned counsel of record, and for the relief hereinafter sought, respectfully show unto this Honorable Court as follows:

### JURISDICTION

1. A controversy exists between Plaintiffs and Defendants involving more than Seventy-Five Thousand Dollars ($75,000.00).

2. Jurisdiction in this case is based upon diversity of citizenship (28 U.S.C. 1332).

## PARTIES

3. Plaintiff Admir Alimoanovic (hereinafter "Plaintiff Alimoanovic") is an individual over the age of nineteen (19) years and a resident of the State of Florida.

4. Plaintiff Djulijana Tahirobic (hereinafter "Plaintiff Tahirobic") is an individual over the age of nineteen (19) years and a resident of the State of Florida.

5. Defendant Michael Joe Shoemaker (hereinafter "Defendant Shoemaker") is an individual over the age of nineteen (19) years and a resident of the State of Alabama.

6. Defendant SSB Logistics, LLC (hereinafter "Defendant SSB") is a foreign limited liability company with its principal place of business in Georgia, and which, at all times pertinent to this civil action, operated a trucking business within the State of Alabama, and employed Defendant Shoemaker as the driver of a commercial vehicle on the date of the collision forming the basis of the Plaintiffs' Complaint.

7. Defendant Ocean Harbor Casualty Insurance Company (hereinafter "Defendant Ocean Harbor") is a corporation engaged in the business of providing insurance in the State of Florida. Plaintiffs Alimoanovic and Tahirobic and Defendant Ocean Harbor entered into a contract providing personal injury protection

insurance coverage to Plaintiffs. Said contract was entered into in the State of Florida.

## FACTUAL ALLEGATIONS

8. Plaintiffs adopt and incorporate each and every paragraph above as if fully set out herein.

9. On or about June 6, 2017, Plaintiffs were operating a 2007 GMC Savannah 2500 cargo van, traveling West in the far right lane of U.S. Highway 84, in Dale County, Alabama.

10. At the same time and place, Defendant Shoemaker was operating a 2016 Freightliner tractor trailer and was also traveling West in the far right lane of U.S. Highway 84 in Dale County, Alabama.

11. At said time and place, Defendant Shoemaker was driving distractedly and struck the Plaintiffs in the rear, causing Plaintiffs' vehicle to veer off the road, overturn, and come to a final rest in the right median of the subject highway.

## COUNT I
## NEGLIGENCE/WANTONNESS

12. Plaintiffs adopt and incorporate each and every paragraph above as if fully set out herein.

13. Defendant Shoemaker, while acting in the line and scope of his employment with Defendant SSB, was under a duty at the time of the incident

forming the basis of Plaintiffs' Complaint to refrain from operating a motor vehicle negligently.

14. Defendant Shoemaker breached his duty by negligently causing and/or allowing his tractor-trailer to collide with the vehicle in which the Plaintiffs were traveling.

15. As a direct and proximate consequence of the negligence or wanton conduct of Defendant Shoemaker, the Plaintiffs were caused to suffer the following injuries and damages:

    (a) Plaintiff Alimoanovic was caused to suffer damages including, but not limited to:

        (i) he was caused to suffer physical pain and mental anguish;
        (ii) he was caused to seek medical treatment and was prevented from going about his normal activities;
        (iii) he was caused to incur medical expenses to treat and cure his injuries;
        (iv) he will potentially be caused to incur medical expenses in the future; and
        (v) he was caused to be injured and damaged, all to his detriment.

    (b) Plaintiff Tahirobic was caused to suffer damages including, but not limited to:

        (i) she was caused to suffer physical pain and mental anguish;
        (ii) she was caused to seek medical treatment and was prevented from going about her normal activities;
        (iii) she was caused to incur medical expenses to treat her injuries;

       (iv)    she will potentially be caused to incur medical expenses in the future;

       (v)    she was permanently injured; and

       (vi)    she was caused to be injured and damaged, all to her detriment.

16.    Accordingly, the Plaintiffs bring this action against Defendant Shoemaker for negligence and/or wantonness.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs request that the jury selected to hear this case render a verdict for the Plaintiffs and against Defendant Shoemaker, for compensatory and punitive damages in an amount to be shown by the evidence at trial. Furthermore, the Plaintiffs request that the Court enter a judgment consistent with the jury's verdict, together with interest from the date of judgment and the costs incurred in prosecuting this lawsuit.

## COUNT II
## RESPONDEAT SUPERIOR

17.    Plaintiffs adopt and incorporate each and every paragraph above as if fully set out herein.

18.    On June 6, 2017, at the time of the occurrence forming the basis of the Plaintiffs' Complaint, Defendant SSB was the principal and/or employer of Defendant Shoemaker.

19.    At the time of the occurrence forming the basis of the Plaintiffs' Complaint, Defendant Shoemaker was acting as the agent, servant and/or employee of Defendant SSB.

20. At the time of the occurrence forming the basis of the Plaintiffs' Complaint, Defendant Shoemaker was acting within the line and scope of his employment with Defendant SSB.

21. At the time of the occurrence forming the basis of the Plaintiffs' Complaint, Defendant Shoemaker was operating a tractor-trailer in furtherance of the business purposes of Defendant SSB.

22. As a result of the foregoing, Defendant SSB is vicariously liable to the Plaintiffs for the negligent and/or wanton conduct of Defendant Shoemaker, which proximately caused the Plaintiffs' injuries and damages referenced in Count I above.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs request that the jury selected to hear this case render a verdict for the Plaintiffs, and against Defendants Shoemaker and SSB, jointly and severally, for compensatory and punitive damages in an amount to be shown by the evidence at trial. Furthermore, the Plaintiffs request that the Court enter a judgment consistent with the jury's verdict, together with interest from the date of judgment and the costs incurred in prosecuting this lawsuit.

## COUNT III
## NEGLIGENT/WANTON HIRING, TRAINING, RETENTION AND/OR ENTRUSTMENT

23. Plaintiffs adopt and incorporate each and every paragraph above as if fully set out herein.

24. At the time of the occurrence forming the basis of the Plaintiffs' Complaint, Defendant Shoemaker was acting as the agent, servant and/or employee of Defendant SSB.

25. As Defendant Shoemaker's principal and/or employer, Defendant SSB had a duty to exercise due and proper diligence in an effort to hire, train, and/or supervise competent employees.

26. Defendant SSB negligently or wantonly breached this duty by failing to hire, train, or supervise competent employees on or about the date of the occurrence made the basis of the Plaintiffs' Complaint.

27. As a proximate consequence thereof, the Plaintiffs were injured and damaged as set out in Count I above.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs request that the jury selected to hear this case render a verdict for the Plaintiffs, and against Defendants Shoemaker and SSB, jointly and severally, for compensatory and punitive damages in an amount to be shown by the evidence at trial. Furthermore, Plaintiffs request that the Court enter a judgment consistent with the jury's verdict, together with interest from the date of judgment and the costs incurred in prosecuting this lawsuit.

## COUNT IV
## PERSONAL INJURY PROTECTION INSURANCE COVERAGE

28. Plaintiffs adopt and incorporate each and every paragraph above as if fully set out herein.

29. Plaintiffs aver that at the time of the occurrence made the basis of this lawsuit, there was in full force and effect a policy of automobile insurance issued by Defendant Ocean Harbor, which provided personal injury protection insurance coverage to the Plaintiffs.

30. Plaintiffs have charged Defendant Shoemaker with negligent or wanton operation of a motor vehicle proximately causing the injuries and damages complained of in Count I above.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs demand judgment against Defendant Ocean Harbor for those damages in excess of the policy limits provided to Defendants Shoemaker and SSB, up to the amount of insurance provided by Defendant Ocean Harbor.

**Respectfully submitted this, the 5th day of June, 2019:**

/s/ J. Curt Tanner
J. Curt Tanner (asb-1041-t80w)
Douglas A. Dellaccio, Jr. (asb-4578-l75d)
Attorneys for the Plaintiffs
Cory Watson, P.C.
2131 Magnolia Avenue South
Birmingham, Alabama 35205
Telephone: (205) 328-2200
Facsimile: (205) 324-7896
E-Mail: ctanner@corywatson.com
ddellaccio@corywatson.com

## TO CLERK: PLEASE SERVE DEFENDANTS VIA CERTIFIED MAIL:

**MICHAEL JOE SHOEMAKER**
62 County Road 1231
Vinemont, Alabama 35179

**SSB LOGISTICS, LLC**
c/o Corporation Service Company, Inc.
641 South Lawrence Street
Montgomery, Alabama 36104

**OCEAN HARBOR CASUALTY INSURANCE COMPANY**
c/o Chief Financial Officer
200 East Gaines Street
Tallahassee, Florida 32399